UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. H-05-257-S |
| | § § | |
| RONALD GRECULA, SR. | § § | |

**PLEA AGREEMENT**

The United States of America, by and through Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas and Jeff Vaden, Assistant United States Attorney, and the defendant, Ronald Grecula, Sr. and the defendant's counsel, Edward A. Mallett, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Parties Agreement**

1. The government and the defendant ("Parties") agree that the defendant will plead guilty to Count One of the Superseding Indictment. Count One charges the defendant with violations of Title 18 United States Code § 2339B. The

1

defendant further agrees to persist in that plea through sentencing. Additionally, the Parties have agreed to a sentence of sixty (60) months confinement, as contemplated under Rule 11(c)(1)(C). <u>If this agreement is accepted by the Court,</u> the defendant is aware that a sentence of sixty (60) months confinement will be imposed. <u>Additionally, the Parties agree that under the United States Sentencing Guidelines, the § 3A1.4 terrorism enhancement applies, but that the Parties have agreed to this negotiated resolution under Rule 11(c)(1)(C)</u>. If the plea agreement is not accepted by the Court, the defendant can withdraw his guilty plea. The government will dismiss Count Two of the Superseding Indictment at the time of sentencing.

## Punishment Range

2.   The maximum penalty for a violation of Title 18 United States Code § 2339B, is imprisonment of not more than fifteen (15) years and a fine of not more than $250,000.  Additionally, the defendant may receive a term of supervised release after imprisonment of not more than three (3) years [(Title 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2)]. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of

supervised release prior to such violation (Title 18 U.S.C. § 3559(a)(3) and 3583(e)(3)). Defendant understands that the imposition or execution of the sentence will not be suspended, and that he is not eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will owe to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

4. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so.

5. Defendant understands that under U.S.S.G § 5E1.2(i), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release.

6. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or

delay payment.

## Waiver of Appeal

7. Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

## Duties of the United States

8. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G.

Section 6A1.2.

### Defendant's Waiver of Rights at Trial

9.      Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)     At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from

such refusal to testify. However, if the defendant desired, he could testify on his own behalf.

### Factual Basis for Guilty Plea

10. **Defendant is pleading guilty because he <u>is</u> guilty of the charge contained in Count One of the Superseding Indictment.** If this case were to proceed to trial, the United States could prove all of the following facts beyond a reasonable doubt:

On May 11, 2005, the CS, under the supervision of the FBI, placed two recorded phone calls to Grecula during which they discussed building an explosive device for the potential "clients".

On May 15, 2005, FBI undercover agent ("UCA") placed a recorded phone call to Grecula during which they discussed Grecula's dislike for America and the UCA's clients dislike for America.

On May 15, 2005, Grecula spoke to Roger Gordon at a flea market in Pennsylvania and inquired about obtaining a "white light laser." Subsequently, Grecula stated to the UCA that a laser could be used as a detonation device.

On May 20, 2005, Grecula traveled from Pennsylvania to Houston, Texas for face-to-face meeting with the UCA and another law enforcement officer purporting to be the "Al-Qaeda" client.

Al-Qaeda is a designated Foreign Terrorist Organization by the United States government.

On May 20, 2005, Grecula met with the UCA and brought with him a briefcase containing the material related to his ability to build an explosive device, his passport, and his expired pilot's license.

On May 20, 2005, Grecula met with the purported "Al-Qaeda" operative and stated his willingness to help them "kill a bunch of Americans."

On or about May 20, 2005, Grecula traveled with the UCA to a hardware store to view supplies that could be used to build an explosive device.

On May 20, 2005, Grecula and the UCA continued their discussions over lunch, where Grecula identified targets in Washington, D.C. and New York for Al-Qaeda.

On May 20, 2005, Grecula said that he could train pilots for Al-Qaeda by teaching ground school, after the UCA stated that flight schools were being watched after the "World Trade."

### Breach of Plea Agreement

11.   If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will

stand, then:

(a) The United States may move the Court to set aside the guilty plea and reinstate prosecution.

12. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### Forfeiture

13. This plea agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.

### Complete Agreement

14. This written plea agreement, consisting of 11 pages, together with the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against his and that he is pleading guilty freely and voluntarily because he is guilty.

15. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the 21st day of September, 2006.

_____
Ronald Grecula, Sr.
Defendant

Subscribed and sworn to before me on September 21, 2006.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Donald J. DeGabrielle, Jr.
United States Attorney

By: _____          _____
Jeff Vaden                                                       Edward A. Mallett
Assistant United States Attorney                  Attorney for Defendant
Telephone: (713) 567-9340
Telecopier: (713) 718-3390

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § | CRIMINAL NO. H-05-257-S |
| | § § § | |
| RONALD GRECULA, SR. | § § | |

PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____   9/21/06
Edward A. Mallett                Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____   _____
Ronald Grecula, Sr.           Date
Defendant